(No. 3135—

MOLLIE GRAF, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed September 14, 1939.*

HARRY C. DANIELS, for claimant.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. CHIEF JUSTICE HOLLERICH delivered the opinion of the court:

From the stipulation of facts herein it appears that the claimant, Mollie Graf, on September 12, 1936, and for some time prior thereto, was employed by the respondent as a cook at the Elgin State Hospital, Elgin, Illinois; that on the last mentioned date, while at such institution and in the performance of her duties, she slipped and fell, fracturing her right wrist; that she was immediately taken to the institution hospital, the fracture was reduced and a cast applied; that subsequent X-rays revealed the necessity for a further reduction of the fracture, and claimant was sent to the Illinois Research and Educational Hospital at Chicago, where she was operated

and received treatments which eventually resulted in her recovery with no loss of function of the injured wrist or hand, and she returned to her work on February 1, 1937.

Upon a consideration of all of the facts in the record, the Court finds:

1. That on the 12th day of September, 1936, claimant and respondent were operating under and bound by the provisions of the Workmen's Compensation Act of this State.

2. That on said date the claimant sustained accidental injuries which arose out of and in the course of her employment.

3. That notice of the accident was given and claim for compensation on account thereof was made within the time required by the Compensation Act.

4. That the annual earnings of the claimant for the period of one year prior to the injury in question were $1,188.00 and the average weekly wage was $22.84.

5. That claimant at the time of the injury had no children under the age of sixteen (16) years.

6. That necessary first aid, as well as all medical, surgical and hospital services were furnished by the respondent, but the claimant was required to and did expend the sum of $32.05 in connection with her treatment at the Illinois Research Hospital.

7. That claimant was temporarily totally disabled from the date of her injury as aforesaid, to wit, September 12, 1936, to February 1, 1937, and has been paid the sum of $55.00 to apply on the compensation due her.

8. That claimant is therefore entitled to have and receive from the respondent, for temporary total disability as aforesaid, the sum of Eleven Dollars and Forty-two Cents ($11.42) per week for twenty (20) weeks, to wit, the sum of Two Hundred Twenty-eight Dollars and Forty Cents ($228.40), in accordance with the provisions of Paragraph (b) of Section Eight (8) of the Workmen's Compensation Act of this State, as amended, and is also entitled to have and receive from the respondent the sum of Thirty-two Dollars and Five Cents ($32.05) for money advanced by her for expenses as hereinbefore set forth, making a total of Two Hundred Sixty Dollars and Forty-five Cents ($260.45); that respondent is entitled to a credit of Fifty-five Dollars ($55.00) for compensation heretofore paid to claimant, as hereinbefore

set forth; that the net amount due claimant as aforesaid is Two Hundred Five Dollars and Forty-five Cents ($205.45).

9.   That all of such compensation has accrued prior to this date.

Award is therefore entered in favor of the claimant for the sum of Two Hundred Five Dollars and Forty-five Cents ($205.45).

This award being subject to the provisions of an Act entitled ''An Act Making an Appropriation to Pay Compensation Claims of State Employees and providing for the Method of Payment Thereof,'' approved July 3, 1937 (Session Laws 1937, page 83), and being subject further to the terms of an Act entitled ''An Act Making Appropriations to the Auditor of Public Accounts for the Disbursement of Certain Moneys Until the Expiration of the First Fiscal Quarter After the Adjournment of the Next Regular Session of the General Assembly'' (Senate Bill 123 as amended) approved July 8, 1939;—and being, by the terms of the first mentioned Act, subject to the approval of the Governor, is hereby, if and when approval is given made payable from the appropriation from the General Revenue Fund in the manner provided for by the foregoing Acts.